## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.00-6137-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
                         )
     Plaintiff,          )
                         )
     v.                )
                         )
ALIPIO HERRERA )
                         )
     Defendant.       )



## AMENDED POSITION OF ALIPIO HERRERA WITH RESPECT TO SENTENCING FACTORS PURSUANT TO ADMINISTRATIVE ORDER 95-02 AND OBJECTIONS TO THE PRE-SENTENCE REPORT PURSUANT TO RULE 32 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Defendant, *Alipio Herrera* (hereafter referred to as "Herrera"), pursuant to Rule 32 of the Federal Rules

of Criminal Procedure and S.D.Fla.L.R. 88.8(6), hereby files his amended objections and comments to

the Pre-Sentence Report (hereafter referred to as "PSR") and moves this Honorable Court to amend that

report and states as grounds:

### FACTUAL OBJECTIONS

Defendant, Alipio Herrera has no objections to the offense conduct as described in the PSR.

### SCORING OBJECTIONS

1.     Defendant objects to paragraph 28 which references that Hererra is ineligible for a 2 point

decrease for acceptance of responsibility as defendant went to trial and put the

government to its burden of proof at trial.

**OBJECTION:** At the time of arrest, Herrera immediately cooperated with authorities by

providing a voluntary statement concerning his illegal activity. Additionally, without any

threats or promises, Herrera, at the request of law enforcement, made a controlled phone

call to Jesus Vega for the sole purpose of assisting law enforcement in the identity of the



additional conspirator. Without the assistance and cooperation of Herrera, law enforcement would never had identified the identity of Jesus Vega nor had enough evidence to convince a jury, beyond a reasonable doubt, as to Vega's involvement in the attempted robbery. Lastly, Herrera has always admitted to all of the essential factual elements of guilt ocncerning his offense. Herrera has always admitted his role and involvement in the attempted robbery.

## MEMORANDUM OF LAW

§3E1.1(a) of the Federal Sentencing Guidelines states if a defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels. Application note 2 of §3E1.1 of the Federal Sentencing Guidelines states that a conviction at trial does not automatically preclude a defendant from consideration for a reduction.

The Eleventh Circuit Court of Appeals in Joiner v. United States, 103 F.3d 961 (11th Cir.1997) held that a defendant is not barred as a matter of law from seeking a downward departure for acceptance of responsibility merely because an entrapment defense was asserted at the time of trial. The Court went on to state that whether a defendant has accepted responsibility is a fact based question which requires the district court to carefully review all of the evidence bearing on a particular defendant's contrition (citing United States v. Newsome, 46 F.3d 730, 734 (8th Cir.1995) (whether a defendant has demonstrated acceptance of responsibility is a fact based question and assertion of an entrapment defense does not automatically bar a defendant from receiving an acceptance of responsibility reduction); United States v. Ing, 70 F.3d 553, 555 (9th Cir.1995) ("The assertion of an entrapment defense is not necessarily incompatible with acceptance of responsibility.")).

Additionally, The Eleventh Circuit Court of Appeals in United States v. De La Rosa, 922 F.2d 675 (11th Cir.1991) held that a district court's finding that a defendant was entitled to a two level reduction for acceptance of responsibility was not erroneous were the recorded reflected that defendant was extremely cooperative in the initial stages of a criminal investigation and the defendant's cooperation made it possible for the government to make further arrests.

Based on the aforementioned facts and law, Herrera submits that a 2 level reduction for

acceptance of responsibility is applicable.

2.    Defendant objects to paragraph 29 of the PSR which states that the total offense level of

26.

**OBJECTION**: Defendant respectfully submits. based on the aforementioned. that the

proper total offense level should be a level 24, criminal history category 2.

SPENCER & KLEIN, P.A.
Attorneys for Defendant
801 Brickell Avenue
Suite 1901
Miami, Florida 33131
(305) 374-7700

By: _____
David M. Tarlow
Fla. Bar #893684

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail to Teresa Van Vliet, Assistant United States Attorney, 500 E. Broward Blvd., Ft. Lauderdale, Fl. 33394, and Marilyn Westfield, U.S. Probation, Room 315, U.S. Courthouse, 300 NE First Avenue, Miami, Fl. 33132-2126 this 14th day of September, 2000.

<div style="margin-left:40%">

SPENCER & KLEIN, P.A.
Attorneys for Defendant
801 Brickell Avenue
Suite 1901
Miami, Florida 33131
(305) 374-7700

By: David M. Tarlow
Fla. Bar #893684

</div>