UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

02-61043

ALIPIO HERRERA,
    Movant,

VS

UNITED STATES OF AMERICA,
    Respondent

CIV-DIMITROULEAS

00-6137-CR-DIMITROULEAS

MAGISTRATE JUDGE
SORRENTINO

MOTION TO VACATE CONVICTION AND TO SET ASIDE SENTENCE PURSUANT TO TITLE 28 U.S.C. SECTION 2255

    Pursuant to 28 U.S.C. §2255, Movant Alipio Herrera, moves this court to vacate the judgement of conviction and sentence entered against him. In support of this motion, movant avers as follows:

    Movant is present in the custody of Bureau of Prisons (BOP) and is confined at Federal Correctional Institution (FCI) Loretto, Loretto, Pennsylvania. Movant is presently unconstitutionally detained and imprisoned at FCI Loretto by Mr. Callahan, Warden by virtue of the judgement and sentence of 72 months imprisonment pronounced by Honorable William P.Dimitrouleas, United States District Court Judge for the Southern District of Florida on September 29, 2000, for conviction by not guilty plea for conspiracy and attempt to



commit robbery and extortion, in violations of 18 U.S.C.§1951.

Movant have exhausted all avenue of adequate remedies in the following manner: Movant filed a direct appeal to the Eleventh Circuit Court of Appeals and the appeal was affirmed on August 14, 2001.

Movant asserts that he is being detained and imprisoned pursuant to an illegal and void sentence because his two counts convictions, sentences, and special assessment fine was constitutionally defective for the following reasons:

(1) Movant asserts that his convictions on count one and two of the indictment and the two hundred dollars special assessment fine was violative of the Double Jeopardy Clause of the United States Constitution. Movant asserts because he was charged with, convicted of, and punished for two offenses of 18 U.S.C.§1951(a) which essentially involved the "same element" that his constitutional right against Double Jeopardy protection was violated and that his conviction and sentence should be set aside.

(2) Movant further asserts that the district court erred in computing his offense level by failing to apply U.S.S.G. §2X1.1 entitled "attempt, solicitation, or conspiracy), and U.S.S.G.§3D1.2(d). Specifically, movant asserts because his offense were conspiracy and attempt to commit robbery and extortion that the applicable (U.S.S.G) for determination of his sentence should be §2X1.1, §2X1.1(b)(2), and §3D1.2(d).

Finally, movant asserts that his counsel was deficient in not challenging movant's conviction and sentence on the ground that it violated Double Jeopardy clause, and that the district court incorrectly applied the United States Sentencing Guidelines (U.S.S.G.) in determination of movant's sentence and that movant was prejudiced by counsel's deficient performance.

**Wherefore,** movant request that the respondent be required to appear and answer the allegations raised in this petition. That after full consieration, this court declare movant's convictions and sentences and the two hundred special assessment fine illegal, null and void, and relieve movant of the unconstitutional restraint placed on his liberty. So prayed.

Respectfully Submitted

Dated _____, 2002

Alipio Herrera, Pro-se
FCI Loretto
P.O.Box 1000
Loretto, PA 15940