UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**02-61043
CIV-DIMITROULEAS**

ALIPIO HERRERA,
    Movant,

VS                    00-6137-CR-DIMITROULEAS

UNITED STATES OF AMERICA,
    Respondent

**MAGISTRATE JUDGE
SORRENTINO**



---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE CONVICTION AND TO SET ASIDE
SENTENCE PURSUANT TO 28 U.S.C. §2255**

---

                                                Alipio Herrera
                                                FCI Loretto
                                                P.O.Box 1000
                                                Loretto, PA 15940



## INTRODUCTION

On March 6, 2000, Alipio Herrera, hereinafter the movant, was arrested with two other defendants and charged with conspiracy to obstruct, delay and effect interstate and foreign commerce by robbery and exttortion, in violation of 18 U.S.C.§1951(a), and attempt to obstruct, delay and effect interstate and foreign commerce by robbery and extortion, in violation of 18 U.S.C.§1951(a).

Following arraignment, movant entered a plea of not guilty. On July 20, 2000, the jury found movant guilty on the two counts charge of the indictment.

At sentencing, the district court failed to apply the U.S.S.G. §2X1.1 (Attempt, Solicitation, or Conspiracy), and U.S.S.G.§3D1.2(d) in determination of movant's offense level.

On September 29, 2000 movant was sentenced to 72-months imprisonment with two hundred dollars special assessment fine. At sentencing, district court applied USSG §3D1.2(b), and §2B3.1(a) of the Guideline manual, which provides a base offense level of **20**. The court increased movant's offense Guideline by three_levels for possession of a weapon, pursuant to §2B3.1(b)(2)(E). The court further enhanced movant's sentence by additional three-levels because the intended loss in the offense was $555,000, pursuant to §2B3.1(b)(7)(D). Movant was sentenced on the total offense level of **26** under criminal history category of two, which carries a sentence of 70-87 months.

Following sentence, movant filed his direct appeal to the Eleventh Circuit court of Appeals. That appeal was affirmed on August 14, 2001.

-1-

## ARGUMENT

(A) **MOVANT'S TWO COUNTS CONVICTIONS ON 18 USC §1951 WERE THE SAME STATUTORY ELEMENTS AND VIOLATIVE OF MOVANT'S PROTECTION UNDER DOUBLE JEOPARDY CLAUSE**

Movant contends that count one, which charges a conspiracy to obstruct and delay interstate commerce by robbery, and extortion, and count two, which charges attempt to obstruct and delay interstate commerce by robbery, and extortion, were of the same offense element the maximum penalty for which, fixed by the so-called Hobbs Act, was twenty years. The indictment, though containing two counts, infact stated but one offense element. Movant asserts that his alleged conduct in the charged offense was one and the same, even if two offenses resulted, each of which had an element embraced in the other. Movant contends that because he was charged with, convicted of, and punished for two offenses, which essentially involved the "same element" that his constitutional right against being placed in Jeopardy twice was violated, as a consequence, movant's convictions and the sentences must be vacated.

The double jeopardy clause of the fifth amendment prohibits the government from relying on the same conduct of a defendant to support two distinct offenses. The basic test for determining whether two offenses are the "same offense" for double jeopardy purposes is the "same element" test set forth in **Blockburger vs. United States, 284 US 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)**: The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory

-2-

provisions, the test to be applied to determine whether each provision requires proof of a fact which the other does not." The **Blockburger** "same element" test was confirmed in **United States vs. Dixon, US 113 S.Ct. 2849, 125 L.Ed.2d 556** (1993). See also **United States vs. Adams, 1 F.3d 1566, 1574** (11th Cir.1993) ("Blockburger test is to applied to the statutory elements underlying each indictment, or count, not to the averments that go beyond the statutory elements"). See also **United States vs. White, 240 F.3d 127, 132** (2nd Cir.2001).

Here, Blockburger/Dixon analysis of the two offenses is straightforward: Counts one and two of the indictment charged conspiracy and attempt in violation of 18 USC 1951(a), respectively. The statutory elements of the substantive charge and the conspiracy charge are precisely the same. Count one requires proof of an element with count, i.e., interference with commerce, robbery, and extortion. There are two essential elements of a Hobbs Act crime: interference with commerce and robbery. Both convictions were based on 18 U.S.C. §1951(a), the same offense element (interference with commerce). The government in this case relied on the same conduct to support the charges on count one and two, and this conduct arose from the same act or transaction.

Given the elements of these two offenses, it is apparent that each offense requires proof of a fact with the offense. For instance, to prove the charge in count one the government must show that movant interfered with commerce by robbery, such a requirement is equally necessary to convict movant on count two.

-3-

Consequently, because the proof of count one requires facts which are relevant to prove the element in count two, and vice-versa, movant reasons that there is a constitutional violation under the double jeopardy clause. More particularly, because movant was ordered to pay two hundred dollars ($200.00) special assessment fine for both counts of the convictions, movant was punished twice for the same conduct. The separate convictions and punishments resulted in placing movant twice in jeopardy for a single instance of behaviour. Movant seeks this court to vacate both the two counts of the indictment under which he was convicted, the sentence and the special assessment fine.

### (B) THE DISTRICT COURT ERRED IN COMPUTING MOVANT'S OFFENSE LEVEL BY FAILING TO APPLY USSG §2X1.1, §2X1.1(b)(2) AND §3D1.2(d)

Movant contends that the district court erred in computing his offense level by failing to apply U.S.S.G.§2X1.1, §2X1.1(b)(2) and §3D1.2(d), and that the offense level should have been determined in accordance with section 2X1.1 (Attempt, Solicitation, or conspiracy), since movant's charge constituted conspiracy and attempt to obstruct interstate commerce by robbery.

Section 2X1.1 provides for a three-level reduction if a conspiracy, "unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." U.S.S.G.§2X1.1(b)(2).

Pursuant to §2X1.1(b)(2) a three-level down-ward adjustment to movant's base offense level is warranted. see **United States vs Khawaja, 118 F.3d 1454, 1458** (11th Cir.1997).

The guidelines' general approach to inchoate offenses is to set the offense level at three levels less than the base offense level for the target substantive crime. Thus, USSG §2X1.1(b) directs that if the crime is a conspiracy, the court is to "decrease [the base offense level for the substantive crime] by three-levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interuption by some similar event beyond their control."

As the record of the trial should reflect, the conspiratorial tendency to commit robbery was interrupted by law enforcement authorities. The conspiracy here was dependent on the robbery of $555,000. In order to establish commission of robbery the government must prove forcibly taking and carrying away with a specific intent to steal personally property from the person of another by violence or putting in fear, and with the intention to permanently keep the property so taken. In a prosecution under the Hobbs Act based solely on the theory of obstruction of interstate commerce by way of "robbery," there was no robbery here, because there was no forcibly taking of the purported $555,000. The conspiracy in question here was terminated by law enforcement

-5-

at the incipient of the conspiratorial stage. At the time the law enforcement terminated the conspiracy, movant and his cohorts had not taken any crucial step to commit the robbery, because movant was still wandering in the wilderness. Movant never got close to the vehicle or sighted the vehicle supposed to have been transporting the purported $555,000, if atall the vehicle ever existed. In applying Section 2X1.1(2)(b), the question is not how far along a defendant was in playing his individual role in the conspiracy, the question instead, is whether the conspiracy ripened into a substantially completed offense or came close enough to fruition. And in this case, as the record reflected, the conspiracy had not ripen into a substantially complete offense or came close enough to fruition.

Pursuant to the guideline applicable to conspiracy convictions U.S.S.G.§2X1.1(2)(b), a three-levels decrease from movant's offense level is warranted. ( **Level 26-3 = 23**). See **United States v. Khawaja, 118 F.3d 1454, 1458** (11th Cir.1997).

Movant further contends that he is entitled to additional three-levels decrease in his offense level under U.S.S.G.§2X1.1, adjustments for specific offense characteristics that have not actually occured, and that the district court incorrectly applied three-levels increase to his offense level under USSG §2B3.1(b)(7)(D) intended loss in the offense of $555,000.

According to the commentary to the conspiracy guideline that addresses the question whether adjustments to the offense level for the substantive offense should be applied to the offense level for conspiracy, according to note two to Section 2X1.1, adjustments for

-6-

specific offense characteristics that have not actually occured should not be applied to a conspiracy defendant's offense level unless the district court determines that they were "specifically intended."

Applying these interpretations of the provisions at issue here, movant was entitled to three-level reductions under Section 2X1.1(b)(2), and §2X1.1, adjustments for specific offense characteristics. So, pursuant to Sections 2X1.1(b)(2), and 2X1.1, adjustments for specific offense characteristics, movant's total offense level should be **level 20.** Based on three-levels decrease under §2X1.1(2)(b), and because §2B3.1(b)(7)(D), intended loss in the offense of $555,000 which was initially added to the total offense level is not applicable here and should not not be applied to the total offense level. A total offense of 26-6=20.

Therefore, a total offense level of **20,** under criminal history category of two, places movant on a sentence range of (37-46) months imprisonment. Movant contends that his sentence of 72-months far exceeded what the guidelines calls for under conspiracy, and for that reason, his sentence of 72-months constituted an illegal sentence.

As have pointed out in the preceding discussions, movant contends that his counsel was deficient in these twin areas of assertions, and that counsel's deficiency prejudiced him.

Under **Strickland vs. Washington, 466 US 668, 104 S.ct.2052, 80 L.Ed.2d 674 (1984),** a petitioner must show two things to establish unconstitutional ineffectiveness: That his counsel fall below an objective standard of reasonableness, and that there is a

-7-

reasonable probability that but for counsel's inadequacy the result of the proceeding would have been different. Movant contends that his attorney's performance sank to the level of unconstitutional deficiency in account that his counsel failed to observe the double jeopardy violation as result of the "same statutory element" involved in both counts of the indictment, and the two hundred dollars special assessment fine meted to him as punishments, and the district court's erroneous application of the U.S.S.G. in determination of movant's offense level.

Movant contends that his counsel should have requested to have both convictions of the indictment be set aside, as it resulted in violation of movant's double jeopardy protection. And further should have requested that movant's offense level be determined using USSG §2X1.1(b)(2) (conspiracy), since movant was convicted of conspiracy. See **United States v. Khawaja, 118 F.3d 1454, 1458.** Counsel's failure on these twin claims here was a deficient performance to satisfy the first prong of **Strickland** test.

Turning to the second prong of **Strickland** test. That prong requires petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. **Strickland v. Washington, 466 US at 688, 104 S.Ct. 2052.** Movant contends that counsel's failure to request that USSG §2X1.1, (conspiracy) be used to determine movant's offense level, prejudiced him in that it resulted in siginificantly increased sentence. Had §2X1.1, and §2X1.1(b)(2) be applied in

-8-

determination of movant's sentence, movant's sentence would have been on base offense level of **20**, not total offense level of **26**. And for the purposes of sentencing, offense level of **20,** carries a sentence range of **(37-46)** months imprisonment. The significant difference in comparative sentence of **72-months** which movant was sentenced on in this case, unquestionably prejudiced movant. See **Glover vs. United States, 531 US 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)** ("authority does not suggest that a minimal amount of additional time in jail cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth amendment significance). The sentence here should be vacated and movant be resentenced using §2X1.1 and §2X1.1(b)(2).

**Conclusion:**  For the reasons set forth above, movant prays that his convictions be vacated, and the sentence be set aside. So prayed.

Dated  7-??  , 2002.

Respectfully Submitted

_____
Alipio Herrera, Pro-Se
#55258-004
FCI Loretto
P.O.Box 1000
Loretto, PA 15940

-9-