UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALIPIO HERRERA,   CASE NO. 02-61043-CIV-DIMITROULEAS
                         (00-6137-CR-DIMITROULEAS)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/



FILED by _____ D.C.
SEP 13 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### FINAL JUDGMENT AND AMENDED ORDER DENYING MOTION TO VACATE

THIS CAUSE having been heard upon Petitioner's (Herrera) July 22, 2002 Motion To Vacate [DE-1] and Memorandum of Law [DE-2], and Herrera having verified his petition on August 5, 2002 [DE-4] and the Court having received an August 27, 2002 Response from the Government [DE-6] and the Court now having received Herrera's unsworn September 9, 2002 Motion For Reconsideration; and the Court having reviewed the Pre-Sentence Investigation Report (PSI), the court file and trial transcripts, and having presided over the trial and sentencing of this cause, finds as follows:

1. On May 23, 2000, Herrera was indicted and charged with Conspiracy to Commit Armed Robbery and Extortion and Attempted Armed Robbery and Extortion. [CR-DE-44]. Two other defendants were also indicted: Jesus Jesse Vega and Lidia Herrera. Lidia Herrera pled guilty. Vega and Petitioner were tried together, but before two separate juries.

2. After a four (4) day jury trial, Herrera was found guilty on both counts on July 20, 2000. [CR-DE-88].

3. On September 11 and 15, 2000, Herrera filed objections to the PSI. [CR-DE-113,

1



114].

4. On September 29, 2000, this Court sentenced Herrera to concurrent terms of seventy-two (72) months in prison. [CR-DE-118].

5. On August 14, 2001, the Eleventh Circuit Court of Appeals affirmed the Judgment and Sentence of both Herrera and Vega. Mandate issued on September 14, 2001. [CR-DE-143]. U.S. v. Herrera, 273 F. 3d 1110 (11th Cir. 2001). In the Eleventh Circuit opinion, Vega had complained that he should have received a three (3) point reduction pursuant to U.S.S.G. § 2x1.1. The Eleventh Circuit held that this district court did not err in determining that Vega was not entitled to the three (3) level reduction:

> Section 2X1.1 of the sentencing guidelines provides for a three-level reduction "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1(b)(1). This Court has held that the appellant was entitled to a three-level reduction where he neither believed that he and his co-conspirators in a money laundering conspiracy had completed all the acts necessary or were about to complete all such acts necessary for laundering the entire anticipated amount. *See United States v. Khawaja, 118 F. 3d 1454, 1458 (11th Cir. 1997).*
>
> The record shows that although Vega initially sought to renege on participation in the robbery on the scheduled date because he had become the designated driver who would be robbed, Vega called his supervisor and declined to replace the driver

as he had originally agreed. Thereafter, Herrera assured Abascal that the robbery was to continue as planned. Further, Abascal testified that Herrera had been given a description of the driver and knew the precise timing of the route. The record demonstrates that at the time Herrera and Abascal were apprehended, Herrera and Abascal had returned the defective stun gun and had obtained the inoperable firearm from Herrera's apartment. Thus, Vega, Herrera, and Abascal had taken crucial steps to effect the robbery. Consequently, when Herrera voluntarily called Vega and deceivingly declared that the robbery, "it" was done, Vega could have believed that he had completed all the acts necessary on his part to complete the robbery. Therefore, the district court did not error in determining that Vega was not entitled to a three-level reduction under § 2X1.1(b)(1).

6. In his timely filed Motion to Vacate, Herrera first complains about a double jeopardy violation for convictions on both counts; second, he complains about not getting a three (3) level reduction for an attempt or conspiracy pursuant to U.S.S.G. 2x1.1; and third, he complains that his trial counsel was ineffective both in not moving to dismiss one[1] of his convictions based upon double jeopardy and in not requesting a three (3) level reduction at sentencing. Herrera's first two complaints are procedurally barred because of his failure to raise those issues on direct appeal.[2] U.S. v. Ross, 279 F. 3d 600, 607-08 (8th Cir. 2002). Herrera may raise his ineffective assistance of counsel claims since ineffective assistance of counsel is rarely ripe for a decision

---

[1] Dismissing one count of the Indictment may not practically have helped Herrera where he received concurrent sentences.

[2] Had those issues been raised, they would have been denied. Therefore, no prejudice has been shown by appellate counsel's not raising the issues.

3

upon direct appeal. However, counsel can not be faulted for pursuing a meritless issue.

A. Even if crimes involve the same transaction and considerably overlap each other factually, they are not the same offense for double jeopardy purposes if they require proof of different elements; separate convictions for conspiracy to import drugs and attempted importation of drugs is appropriate. U.S. v. Anderson, 651 F. 2d 375, 379 (5th Cir. 1981)[3] A conspiracy does not require an overt act, while an attempt requires conduct constituting a substantial step toward commission of the crime. U.S. v. Cochran, 883 F. 2d 1012, 1018 (11th Cir. 1989). No double jeopardy violation has been shown in this case.

B. The Background note for U.S.S.G. § 2x1.1 states:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under §2X1.1(b)(1) or (2).

Here, the Eleventh Circuit found that Vega was not entitled to the three (3) level objection, and this Court now also finds that Herrera is not entitled to that reduction. Herrera was not arrested well before the acts necessary for Robbery were completed. Therefore, no prejudice can be shown.

Wherefore, Herrera's Motion to Vacate is Denied.

The Clerk shall deny any pending motions as Moot.

The Clerk shall close this case.

---

[3]In Bonner v. City of Prehard, 661 F. 2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 13 day of September, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Alipio Herrera, #55258-004
FCI - Loretto
P.O. Box 1000
Loretto, PA 15940

Donald Chase, AUSA